IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL WAYNE PIKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security,[1] ) <br> ) <br> Defendant. ) <br> ) | No. 09 C 4351 <br><br> Magistrate Judge <br> Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Carl Wayne Pike's claims for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Pike's motion for summary judgment [Doc. No. 20] is denied.

**BACKGROUND**

**I.     PROCEDURAL HISTORY**

Pike filed claims for both Disability Insurance Benefits and Supplemental Security Income, alleging disability since October 15, 1998. The onset date was subsequently amended to September 3, 2003. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 21, 2006. After

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

being remanded by the Social Security Administration Appeals Council for further consideration, a supplemental hearing was held on September 13, 2007. Plaintiff also appeared and testified at both hearings and was represented by counsel. A medical expert testified at the first hearing, and a vocational expert ("VE") testified at the second.

On February 8, 2008, the ALJ denied Pike's claims for both Disability Insurance Benefits and Supplemental Security Income, finding him not disabled under the Social Security Act. The Appeals Council then denied his second request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).[2]

## II. ALJ DECISION

The ALJ found at step one that Pike had not engaged in substantial gainful activity since his amended onset date of September 30, 2003, which was also the date he last met the insured status requirements. At step two, the ALJ concluded that Plaintiff had severe impairments of hypertension, diabetes mellitus, chronic obstructive lung disease, coronary artery disease, history of drug and alcohol abuse, a heart attack, and rotator cuff surgeries. The ALJ concluded at step three that the impairments, alone or in combination, do not meet or medically equal a listing. The ALJ then determined that Pike retained the Residual Functional Capacity ("RFC") to lift/carry up to thirty to forty pounds occasionally; stand and/or walk and/or sit at

---

[2] Three months after the case was filed, the government moved for a remand on the basis that the record was incomplete; the Commissioner had not yet located the recording of the ALJ hearing. After several years, the recording was found, and the case was reopened.

least six hours in an eight-hour workday; no climbing ladders, ropes, and scaffolds; no more than moderate exposure to intense cold; no more than occasional balancing, kneeling, stooping, crouching, crawling, or climbing ramps and stairs; and is limited in the use of his left arm. The ALJ concluded at step four that Pike could not perform his past relevant work as a construction worker. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Pike could perform jobs in significant numbers and therefore is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389

(7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th

4

Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Pike argues that the ALJ's finding that he could use his non-dominant (left) arm as more than a guide was not supported by substantial evidence. According to Plaintiff, the jobs cited by the VE would be precluded if his arm could only be used as a guide. In support of his assertion that he cannot use his left arm, Plaintiff cites to his own testimony at the second hearing in which he stated that he uses his left arm "[t]o guide maybe, . . . but that's all . . . When carrying a bag, . . . I put it under my, I guess that's a guide . . . ." (R. 558.) Pike also points to an April 20, 2004 RFC

5

assessment concluding that he could not lift his left arm above chest level and the testimony of the medical expert at the first hearing, who opined that Plaintiff should avoid lifting heavier objects with his left arm outstretched. (R. 533.)

First of all, Pike fails show that the ALJ's determination about his left arm was not supported by substantial evidence. The medical evidence in the record – including that cited by Plaintiff himself – shows that he had use of the arm generally, but that his mobility and strength were diminished. No evidence in the record other than his own testimony suggests that the arm could only be used as a guide. None of the objective testing points to such a conclusion, and he never previously reported complete disability of the arm to any medical source.

Second, the limitations on strength and mobility referenced in the 2004 RFC and medical expert testimony are adequately addressed by the RFC and were accounted for in the VE's testimony. The VE testified that if he were to have "no used of his left hand," then the number of available jobs would be affected. (R. 566.) But an inability to lift the left arm above chest level would affect only certain light jobs, while leaving others available, and the available sedentary jobs also would not require the use of an upper extremity above chest level. (R. 563-64.) Similarly, the VE testified that the inability to lift more than twenty pounds with his non-dominant arm would not affect the number of available jobs. (R. 565.)

Plaintiff raises no other arguments in his motion, and thus they are waived. *See U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (stating that perfunctory and underdeveloped arguments are waived); *Handford ex rel. I.H. v. Colvin*, No. 12

6

C 9173, 2014 U.S. Dist. LEXIS 3449, at *39 (N.D. Ill. 2014) (applying *Berkowitz* to reject underdeveloped arguments in a Social Security appeal).

## CONCLUSION

For the foregoing reasons, Plaintiff Carl Wayne Pike's motion for summary judgment [Doc. No. 20] is denied.

**SO ORDERED.**                            **ENTERED:**

**DATE:**    **November 5, 2015**

                                                 **HON. MARIA VALDEZ**
                                                 **United States Magistrate Judge**